**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY D. REYNOLDS,
          Appellant,

          v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DA-0432-19-0149-I-1

DATE: May 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Gregory D. Reynolds</u>, Natchez, Mississippi, pro se.

<u>Latriece Jones</u>, Mobile, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal for unacceptable performance. On petition for review, the appellant argues, among other things, that he was denied the opportunity to present evidence and witnesses, that the agency representative did not submit into the Board record documents that the appellant provided, and that his performance was not unacceptable because he had been rated fully successful in prior years.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

We agree with the administrative judge that the agency proved the elements of its chapter 43 action under the law when the initial decision was issued.

After a hearing, the administrative judge found that the agency proved by substantial evidence that the Office of Personnel Management approved the agency's performance appraisal system, the agency communicated to the appellant the performance standards and critical elements of his position, the appellant's performance standards were valid, the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance by placing him on a 90-day performance improvement plan (PIP), and the appellant's performance remained unacceptable in critical element 2 of his performance standards during the PIP period.  Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 5-19. We have reviewed the record and the arguments raised on review, and agree that the agency established the elements of its chapter 43 action under the law when

the initial decision was issued.[2]  We must nevertheless remand the appeal to account for *Santos*, as discussed below.

Regarding the appellant's argument on review that he was denied the opportunity to submit evidence and present witnesses, the administrative judge set a deadline date for the submission of prehearing submissions, including the identification of witnesses and the submission of documents.  IAF, Tab 10 at 2, Tab 17.  In her April 16, 2019, Order and Summary of Telephonic Prehearing Conference, the administrative judge approved a number of agency witnesses and noted that the appellant did not submit prehearing submissions or request any witnesses.  IAF, Tab 19 at 5.  She also informed the parties that any exhibit offered after the prehearing conference would be untimely and would not be admitted unless the party established good cause for the delay or the document was not previously available.  *Id.*  The administrative judge stated in the order that if either party disagreed with her summary, she must receive a written objection or motion to supplement the summary no later than April 22, 2019.  *Id.* at 6.  Neither party objected to the administrative judge's summary.

Before the administrative judge heard witness testimony at the hearing, she noted that the appellant had requested that he be permitted to submit evidence and to call additional witnesses.  Hearing Compact Disc (HCD) (statement of the administrative judge).  She also noted that the appellant stated that he had

---

[2] On review, the appellant does not assert that the administrative judge erred in her findings regarding his affirmative defenses of harmful procedural error and retaliation for equal employment opportunity (EEO) activity.  We observe that, before analyzing the appellant's EEO reprisal claim, the administrative judge cited an obsolete burden-shifting framework inconsistent with the Board's decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.  ID at 20-21.  Nevertheless, in her analyses of the appellant's EEO reprisal claim, the administrative judge applied the appropriate standard to conclude that the appellant did not establish that his EEO complaint was even a motivating factor in his removal.  ID at 21.  Because we agree with the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action and the appellant has not challenged this finding on review, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision.  *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

attempted to submit the documents but that the limitations on the size of files that can be submitted through the Board's e-Appeal system precluded him from filing the documents. *Id.* Additionally, she noted that the appellant admitted that he had not faxed or mailed the documents for inclusion in the record. *Id.* She then found no good cause for the appellant's late submission and did not admit the evidence into the record or allow the appellant to call witnesses. *Id.*

An administrative judge has broad discretion to control the proceedings before her, including ruling on whether requested evidence will be admitted. 5 C.F.R. § 1201.41(b)(3); *see Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007). Among other things, the Board has held that an administrative judge may exclude evidence and witnesses where the evidence was not identified in a prehearing submission unless good cause exists for the failure. *See Stewart–Maxwell v. U.S. Postal Service*, 56 M.S.P.R. 265, 271 (1993). Here, the administrative judge clearly informed the appellant of the time limit to file his prehearing submission, and he did not submit documents or request witnesses within that time limit. Further, at the hearing, he admitted that, after he unsuccessfully tried to electronically file his large submission, he did not use other available means to submit the pleading into the record. HCD. Thus, the administrative judge did not abuse her discretion in refusing to grant the appellant's request to submit evidence and to call witnesses.

Regarding the appellant's argument that the agency representative did not submit into evidence documents that the appellant provided to him, there is no requirement that a party submit to the Board material provided by the opposing party. If the appellant possessed evidence that he wanted the Board to consider, he should have filed it with the Board consistent with the administrative judge's instructions and the Board's regulations. The appellant's argument that his removal for poor performance was improper because he had been rated fully successful in the past is without merit. The fact that the appellant's performance

in 2017 and before was deemed fully successful does not mean that the appellant performed acceptably after that.[3]

Remand is required in light of *Santos*.

Though the appellant has identified no basis for us to disturb the initial decision, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument from both parties regarding whether the agency proved by substantial evidence

---

[3] Attached to the appellant's petition for review and supplement are a number of documents, including a copy of an Agreement to Mediate an EEO Precomplaint, a copy of the appellant's fiscal year 2018 performance appraisal and his comments to it, a copy of the decision on the appellant's unemployment insurance claim, a copy of a letter from the appellant regarding his refusal to accept his 2018 midyear performance review, and copies of documents related to a project on which the appellant worked. Petition for Review File, Tab 1 at 5-35, Tab 3 at 8-186. The appellant's 2018 performance appraisal was submitted into the record below. The remainder of the submissions are offered for the first time on review. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The documents are dated before the close of the record below, and the appellant has not explained why they could not have been submitted previously. Accordingly, we need not consider the documents. In any event, we fail to discern how the documents demonstrate error in the initial decision.

that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analyses of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.